# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ROBERT JUNIOR SMITH,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

06-CV-2021-LRR
04-CR-2002-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *RELEVANT BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *MOTION TO APPOINT COUNSEL* . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.*  *MOTION FOR EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . *3*

*V.*   *STANDARDS OF REVIEW FOR 2255 MOTION* . . . . . . . . . . . . . . *4*
    *A.*     *Standards Applicable to 2255 Motion* . . . . . . . . . . . . . . . . . . *4*
    *B.*     *Standards Applicable to Sixth Amendment* . . . . . . . . . . . . . . *5*

*VI.*  *ANALYSIS OF 2255 MOTION* . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *A.*     *Ineffective Assistance of Counsel Arguments* . . . . . . . . . . . . *7*
        *1.*     *Failure to file notice of appeal* . . . . . . . . . . . . . . . . . *7*
        *2.*     *Counsel's conduct at sentencing* . . . . . . . . . . . . . . . *11*
            *a.*    *The government's alleged breaches of the Plea
                Agreement* . . . . . . . . . . . . . . . . . . . . . . . . . *11*
            *b.*    *The movant's objection to offense level* . . . . . . . . *13*
            *c.*    *The movant's medical condition* . . . . . . . . . . . . . *14*
    *B.*     *Sentenced for Conduct the Jury Did Not Find Beyond a Reasonable
          Doubt* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15*

*VII.*  *CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . *16*

*VIII.* *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*

## I. INTRODUCTION

The matters before the court are Plaintiff Robert Junior Smith's "Motion Under 28 [U.S.C.] § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("2255 Motion") (docket no. 1)[1], "Motion for Appointment of Counsel in This Appeal" ("Motion to Appoint Counsel") (docket no. 7 in case no. 06-CV-2021-LRR ("habeas case")) and Motion for Evidentiary Hearing (docket no. 8 in habeas case). On March 14, 2006, Robert Junior Smith ("the movant") filed the 2255 Motion. On August 7, 2006, the movant filed the Motion to Appoint Counsel. On August 23, 2006, the movant filed the Motion for Evidentiary Hearing. For the reasons set forth below, the court shall deny the 2255 Motion, Motion to Appoint Counsel and Motion for Evidentiary Hearing. In addition, the court shall deny a certificate of appealability.

## II. RELEVANT BACKGROUND

On October 22, 2004, the government filed a two-count second superseding indictment ("Superseding Indictment") (docket no. 80 in case no. 04-CR-2002-LRR ("related case")) against the movant. On October 27, 2004, the parties entered into a plea agreement ("Plea Agreement") relating to the charges in the Superseding Indictment (docket no. 4-5 in habeas case). On October 27, 2004, the movant appeared before the undersigned and pleaded guilty to count 2 of the Superseding Indictment.[2] On March 1, 2005, the government filed a sentencing memorandum (docket no. 95 in related case). The

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001).

[2] The conduct charged in count 2 of the Superseding Indictment violates 18 U.S.C. § 3147(2) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860.

movant did not file a sentencing memorandum. On April 1, 2005, the court held a sentencing hearing and sentenced the movant to life imprisonment. At the sentencing, the movant was represented by his attorney, Alfred E. Willett. On the same date, the court entered judgment against the movant. The movant never appealed.

### III. MOTION TO APPOINT COUNSEL

The court does not believe counsel is warranted in light of the claims presented by the movant. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors to be considered for appointment of counsel in civil case); *see also Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Because his claims are without merit, the appointment of counsel will not aid the movant. Accordingly, the court shall deny the Motion to Appoint Counsel.

### IV. MOTION FOR EVIDENTIARY HEARING

A district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255). The court finds the movant's allegations cannot be accepted as true because they are contradicted by the record; therefore, the court shall deny the Motion for Evidentiary Hearing.

## V. STANDARDS OF REVIEW FOR 2255 MOTION

### A. Standards Applicable to 2255 Motion

Title 28 U.S.C. § 2255 allows a prisoner in custody serving a sentence imposed by a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants are ordinarily precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review

may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

## B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right [. . .] to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

5

> serious that counsel was not functioning as the "counsel"
> guaranteed the [movant] by the Sixth Amendment. Second, [a
> movant] must show that the deficient performance prejudiced
> the defense. This requires showing that counsel's errors were
> so serious as to deprive the [movant] of a fair trial, a trial
> whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) (restating *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim" need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (affording counsel broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had

some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

## VI. ANALYSIS OF 2255 MOTION

In the 2255 Motion, the movant explicitly relies on 28 U.S.C. § 2255 in asking the court to modify or vacate his sentence. He asks the court to modify or vacate his sentence for two reasons: (1) his attorney provided ineffective assistance of counsel in violation of the movant's rights under Sixth Amendment to the United States Constitution when he failed to make certain objections at sentencing and when he failed to file a notice of appeal; and (2) the court exceeded its jurisdiction for sentencing the movant for conduct a jury did not find beyond a reasonable doubt. The movant also believes relief is warranted under 28 U.S.C. § 2255 in light of the fact that his sentence "was enhanced for drug weight that was not proven to the jury." 2255 Motion (docket no. 1-4 in habeas case), at ¶ 12(B). The movant seeks the following relief: (1) vacation of his sentence; and (2) a resentencing "on a full and accurate record, free of misstatement, and in a manner wholly compliant with the government's obligations under the [P]lea [A]greement." Memorandum in Support of 2255 Motion (docket no. 1-5 in habeas case), at 2.

### A. *Ineffective Assistance of Counsel Arguments*
#### 1. *Failure to file notice of appeal*

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling [a movant] to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United*

*States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citing *Holloway v. United States*, 960 F.2d 1356-57 (8th Cir. 1992)). "For such a claim to succeed, however, [a movant] must show that [he or] she instructed [his or] her counsel to file an appeal." *Id.* (citing *Holloway*, 960 F.2d at 1357). "A bare assertion by the [movant] that [he or] she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (citing *Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir. 1992)(per curiam)). "If counsel has consulted with the [movant], the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). "If the [movant] did not clearly request or instruct his [or her] trial attorney to appeal, [. . .] the court considering a claim of ineffective assistance must then determine whether counsel consulted with the [movant] about an appeal and, if not, whether the failure to consult was unreasonable." *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 480).

In the 2255 Motion, the movant alleges:

> [A r]equest was made to counsel to file a Notice of Appeal. Counsel advised that this [was] virtually impossible based upon the facts that [(] a) we cannot appeal [the movant's] guilty plea and (b) [the movant] cannot appeal [his] sentence because [the court] had to give [him] a life sentence based upon the current status of the case and the statutory mandate. Counsel also advised that to file a Notice of Appeal [. . .] would be deemed to be frivol[o]us, that [the movant] would be burning any bridge that [he] ha[d] for cooperation with the U.S. Attorney's Office. Counsel also advised that if the U.S. Attorney's Office decides not to offer [a] reduced sentence based upon cooperation, [the movant] could always take that up at a later time based on motions for bad faith[.]

2255 Motion at ¶ 11(d).

8

The movant's recollection of his conversation with his attorney is consistent with his attorney's sworn statement. Mr. Willett avers he met with the movant following his sentencing on April 6, 2005 ("post-sentencing meeting"), at which time they discussed whether the movant would pursue an appeal. Mr. Willett discussed the appeal deadline with the movant and "instructed [the movant] to contact [Mr. Willett] before the [appeal deadline. . .] elapsed if he wished to pursue such an appeal." Affidavit of Alfred E. Willett ("Willett Affidavit") (docket no. 4-4 in habeas case), at ¶ 3. "During this conversation, [the movant] agreed not to file an appeal and acknowledged that his best interests were served by concentrating on cooperating with the United States and earning a motion under Federal Rule of Criminal Procedure 35(b)." *Id.* According to Mr. Willett, the movant never contacted him to request an appeal following the post-sentencing meeting.

Nowhere in the 2255 Motion papers does the movant state he instructed Mr. Willett to file a notice of appeal. Instead, the movant admits he decided not to file an appeal in light of Mr. Willett's advice.[4] 2255 Motion Memorandum (docket no. 1-5 in habeas case), at 2. Because Mr. Willett consulted with the movant about the appeal and the movant did not instruct Mr. Willett to pursue an appeal, the movant's Sixth Amendment claim

---

[4] The movant couches Mr. Willett's advice to not file a notice of appeal in terms of "scar[ing]" and "coerc[ing]" him rather than "advising" him. 2255 Motion Memorandum at 2. The court discusses the movant's characterization of Mr. Willett's advice below.

9

pertaining to the failure to file a notice of appeal is without merit.[5] *Parsons*, 505 F.3d at 798.

The movant also argues he did not receive effective assistance with respect to the filing of a notice of appeal because Mr. Willett allegedly failed to inform him of the ten-day appeal deadline, thereby depriving the movant of judicial review of his sentence and "the constitutionally defective process that led to it." 2255 Motion Memorandum at 2. The record indicates otherwise. Mr. Willett referenced the appeal deadline well in advance in a letter to the movant dated April 4, 2005. Government Exhibit 1 (docket no. 4-3 in habeas case), at 1. Additionally, at the time of sentencing, the court informed him of the ten day period by which he needed to file a notice of appeal, if he chose to do so.

Finally, the movant argues Mr. Willett's advice to him was a "scare tactic" that "coerced" him into not filing a notice of appeal, which violated his Sixth Amendment rights. *See, e.g.,* Memorandum in Support of 2255 Motion, at 2. However, as discussed above, the only manner in which an attorney's failure to file a notice of appeal can be found to be ineffective assistance of counsel is when the movant had expressly instructed

---

[5] The government identifies a potential inconsistency in the movant's Sixth Amendment argument relating to the notice of appeal. In some parts of his 2255 Motion papers, the movant states that, a day after his sentencing, he "requested" that his attorney file a notice of appeal. *See, e.g.,* 2255 Motion at ¶ 12.A; Memorandum in Support of 2255 Motion at 2. In other parts of his 2255 Motion Papers, the movant states that he decided not to pursue an appeal based on the advice of his counsel. When viewing the movant's contradictory statements in the context of the record as a whole, the court cannot find the movant ultimately "instructed" his attorney to file a notice of appeal. Both the Willett Affidavit and the 2255 Motion papers indicate that the movant *initially* requested Mr. Willett to file a notice of appeal prior to the post-sentencing meeting. However, the record also clearly demonstrates the movant decided he did not want to file a notice of appeal based on the advice Mr. Willett provided to him at that meeting. Absent a movant's "express instructions" to his counsel to file a notice of appeal, there is no Sixth Amendment violation pertaining to the failure to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 478. Additionally, the government fully briefed this sequence of events in its Resistance and the movant did not seek to rebut it in a reply.

his attorney to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 478 ("Counsel performs in a professionally unreasonable manner only by failing to follow the [movant]'s express instructions with respect to an appeal."). Therefore, any of Mr. Willett's alleged "coercion" or "scare tactics" pertaining to a notice of appeal cannot give rise to a Sixth Amendment claim. Furthermore, the court notes the movant's allegations of Mr. Willett's alleged "scare tactics" and "coercion" are vague and unsupported by any record evidence. Indeed, they are contradicted by the fact that he agreed with his attorney's advice.

In conclusion, the court holds the movant's Sixth Amendment claim as to the filing of a notice of appeal is without merit.

### 2. *Counsel's conduct at sentencing*

The movant argues he was deprived of his Sixth Amendment right to effective assistance of counsel when his attorney failed to make a number of objections at his sentencing. First, the movant argues his attorney should have objected to a number of the government's alleged breaches of the plea agreement at sentencing. Second, the movant argues his attorney should have objected to the movant "being accused of, the eleventh hour refusal of a trial jury, which constituted an addition of points to the [movant]'s offense level." 2255 Motion Memorandum at 9. Finally, the movant argues his attorney failed to reveal the movant's medical condition and his inability to understand his sentencing.[6] The court discusses each of these arguments, in turn.

#### a. *The government's alleged breaches of the Plea Agreement*

The movant argues the government breached the Plea Agreement at sentencing in the following respects: (1) in seeking a life sentence; (2) in failing to limit its "allocution"

---

[6] The movant also argues his attorney should have objected to him being sentenced for conduct the jury did not find beyond a reasonable doubt in violation of his rights under *United States v. Booker*, 543 U.S. 220 (2005). The movant also raises the same argument as a second, independent basis for relief outside the context of the Sixth Amendment. Because both objections are resolved in an identical manner, for the sake of expediency and to avoid confusion, the court elects to address this issue separately below.

to the facts and circumstances of his case, claiming the government "vicious[ly] attack[ed]" his character by referring to him as a "career offender" and "not a good parent"; and (3) by refusing to inform the court of his cooperation. 2255 Motion Memorandum at 3.

First, the court addresses the propriety of the government seeking a life sentence. The Plea Agreement clearly states that the movant agreed to plead guilty to an offense punishable by a "mandatory life imprisonment without the possibility of parole[.]" Plea Agreement at ¶ 1. The Plea Agreement also states the government "makes no promises as to the sentence to be imposed." *Id.* at ¶ 19. The fact the government sought a life sentence at sentencing is entirely consistent with the Plea Agreement and does not constitute a breach. Because any objection by Mr. Willett to this issue would have been futile, the court finds the movant fails to satisfy the both elements of his Sixth Amendment claim as to this alleged breach of the Plea Agreement—"that counsel's performance was deficient" or that he suffered prejudice. *Strickland*, 466 U.S. at 687.

Second, the court addresses the alleged mischaracterization of the movant at sentencing.[7] As the government notes, the Plea Agreement did not preclude the government from making these remarks. The Plea Agreement provides: "The [movant], his attorney and the [government] may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement." Plea Agreement at ¶ 22. Under this provision, even if the government mischaracterized the movant at sentencing, it did not breach the Plea Agreement. Additionally, the court notes a characterization of the movant as "not a good parent" or a "career offender" is supported by the evidence. The movant's Presentence Investigation Report shows he has more than a dozen convictions, supporting a characterization of the

---

[7] For purposes of the 2255 Motion, the court assumes the government made the statements alleged by the movant.

movant as a "career offender." And, as a result of a search of the movant's home in January of 2004, "a report of suspected child abuse was filed involving [the movant]'s daughter [. . .] and grandchild[.] This report was later labeled founded by the Department of Human Services." Memorandum in Support of Defendant's Motion in Limine (docket no. 25-2 in related case), at 9-10. In light of this information, characterization of the movant as "not a good parent" was not improper. Finally, even if his attorney had objected to the government's characterization of the movant, these objections would have had no impact on the movant's sentence, since the movant's life sentence was mandatory. Accordingly, the court finds counsel's failure to object to the manner in which the government characterized the movant at sentencing fails to satisfy either the deficiency or prejudice elements of *Strickland*. 466 U.S. at 687. Accordingly, the movant's Sixth Amendment claim pertaining to this objectiont is without merit.

Third, the movant argues the government breached the Plea Agreement by failing to inform the court of the movant's cooperation with the government. The Plea Agreement states that, prior to or during sentencing, the government "will advise the court of any assistance, or lack thereof, provided by the [movant.]" Plea Agreement at ¶ 11. The undisputed record indicates the government raised the issue of the movant's cooperation with the court prior to his sentencing in compliance with the Plea Agreement. Accordingly, the court concludes the government did not breach the Plea Agreement as to the issue of cooperation as framed by the movant, and defense counsel's failure to object to the government's conduct, which was not a breach of the Plea Agreement, was reasonable and falls well within the range of effective assistance of counsel under *Strickland*. 466 U.S. at 688 (stating movant must show that counsel's representation fell below an objective standard of reasonableness).

  **b.**   *The movant's objection to offense level*

The purpose of the movant's next Sixth Amendment objection, which alleges his attorney should have objected to his "being accused of, the eleventh hour refusal of a trial

jury, which constituted an addition of points to the [movant]'s offense level," is unclear. 2255 Motion Memorandum at 9. The movant does not offer any explanation or analysis for this argument. The court agrees with the government's assessment that the movant is most likely taking issue with the court not awarding him an additional one-level reduction under USSG § 3E1.1(b), because the movant did not plead guilty until the morning of his trial. Because the movant does not argue his attorney failed to act within the bounds of an objective standard of reasonableness as to this issue, much less *how* such a failure occurred, the movant fails to satisfy the first *Strickland* element. *Strickland*, 466 U.S. at 688. Additionally, the movant cannot satisfy the second *Strickland* element, prejudice, because the statutory minimum for the movant's offense was a life sentence, and a one-level reduction under USSG § 3E1.1 would not have impacted the movant's sentence. *Id.* at 694. The court concludes the movant has failed to show an ineffective assistance claim on this issue.

### c. *The movant's medical condition*

In his sixth and final objection to Mr. Willett's conduct at sentencing, the movant argues Mr. Willett violated his Sixth Amendment rights at sentencing when he failed to reveal the movant's medical condition to the court. The movant missates the record. At his sentencing, Mr. Willett discussed the movant's medical condition and informed the court that the movant wanted to be placed at the Rochester Medical Center due to his diabetes. Therefore, the court was aware of the movant's medical condition at the time of sentencing. The movant also argues he was on "heavily prescribed medication" at the time of sentencing and his medicated state "*may* have played a part in his lack of understanding [of] the proceedings." 2255 Motion Memorandum at 11 (emphasis added). The movant neither argues his medicated state actually prevented him from understanding the sentencing proceedings nor does he present any facts supporting such an argument. The court also notes that, consistent with its practice, it questioned the movant at sentencing about whether he was able to understand the nature of the sentencing

proceedings, and he responded that he could. Absent evidence that Mr. Willett performed deficiently in his treatment of the movant's medical condition at sentencing, the court cannot find Mr. Willett performed outside an objective standard of reasonableness at the movant's sentencing. *Strickland*, 466 U.S. at 688. Accordingly, the court finds the movant's Sixth Amendment claim pertaining to his medicated state at the time of sentencing is without merit.

### B. *Sentenced for Conduct the Jury Did Not Find Beyond a Reasonable Doubt*

In his second ground for habeas relief, the movant argues the "court exceeded its jurisdiction by sentencing [the movant] for conduct the jury did not find beyond a reasonable doubt." Motion at ¶12.B. More specifically, the movant argues the court should not have based his sentence upon a drug weight that was not proven beyond a reasonable doubt to a jury. This argument is a non-starter. The movant waived this argument in the Plea Agreement, which states in pertinent part:

> The [movant], by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The [movant] explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence.

Plea Agreement at ¶ 18. In a nutshell, the movant waived both his right to a jury trial and his right to have facts proved beyond a reasonable doubt. This ground has no merit.[8]

---

[8] Also, to the extent the movant seeks to raise this argument as a violation of his Sixth Amendment rights, relief is not warranted. Because the movant waived any right to have a jury find any fact beyond a reasonable doubt, the court finds (1) his attorney acted well within the objective standards of reasonableness by not objecting to this issue and (2) there is no reasonable probability that, even if his attorney had objected to this issue, his sentence would have been different. *Strickland*, 466 U.S. at 688 & 694. Further, the court agrees with the other arguments raised in the government's resistance relating to this issue and adopts them in full.

## VII. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, "the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]" 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts may reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because the movant has not shown reasonable jurists would find the court's assessment of the movant's constitutional claims debatable or wrong, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of the 2255 Motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VIII. CONCLUSION

The court finds all of the movant's assertions in the 2255 Motion are without merit. Accordingly, the 2255 Motion (docket no. 1 in habeas case) is **DENIED**. The Motion for Appointment of Counsel (docket no. 7 in habeas case) and Motion for Evidentiary Hearing (docket no. 8 in habeas case) are **DENIED**. Lastly, the court does not believe that appellate review of the movant's claims is warranted, and, therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of November, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA